(84 South. 896)

No. 23485.

**DICKINSON v. TEXANA OIL & REFINING CO.**

(May 3, 1920. Rehearing Denied May 31, 1920.)

*(Syllabus by Editorial Staff.)*

**I. Mines and minerals ⊗═79(7) — Evidence held to show payment to avoid forfeiture was not fraudulently prevented.**

In a suit to forfeit a sublease of oil lands for nonpayment of the last installment due thereon, a telegram from the president of defendant company, indicating knowledge that payment was due and forfeiture threatened, *held* sufficient to disprove defendant's claim that the making of the payment was fraudulently prevented by collusion between plaintiff and defendant's agent.

**2. Mines and minerals ⊗═79(6) — Forfeiture of lease for nonpayment must be enforced.**

Where the sublease of oil lands expressly provided for the forfeiture of the lease for nonpayment of the installments as agreed, the contract of the parties is the law of the case; and a judgment against the lessee only for the balance due under the lease must be set aside, and the lease declared forfeited.

Appeal from First Judicial District Court, Parish of Caddo; J. R. Land, Judge.

Suit by W. L. Dickinson against the Texana Oil & Refining Company, to forfeit a sublease in oil land. Judgment for plaintiff for the unpaid balance due on the lease, and plaintiff appeals. Set aside, and judgment rendered declaring the lease forfeited.

See, also, 144 La. 489, 80 South. 669.

Wilkinson, Lewis & Wilkinson and Alexander & Alexander, all of Shreveport, for appellant.

Wise, Randolph, Rendall & Freyer, of Shreveport, for appellee.

PROVOSTY, J. Plaintiff sublet an oil lease to the defendant company on the conditions, among others, that he should complete an oil well already begun on the leased premises, and should be paid $14,000 by defendant for the work, $1,000 immediately, $2,000 in 10 days, $3,000 in 30 days, and $8,000 when the well should have been completed, and that—

"Failure to meet payments promptly when due shall work a complete forfeiture of this sublease and same shall immediately cease and determine without putting in default and the said Dickinson retain all moneys paid to him hereunder as liquidated damages."

Plaintiff brought this suit to have the said sublease declared forfeited on the ground

that the final payment of $8,000 was not made as required by the contract.

The line of defense is not the same in the brief as in the answer.

In the answer it is that the well was not completed according to contract, but that nevertheless defendant paid plaintiff $1,692 as being all that was due him on the final payment of $8,000, and that plaintiff accepted same in full settlement; that defendant offered to pay the balance of the $8,000, but that plaintiff refused to accept same, as not being due to him, but to Laskey and Belchic, subcontractors for the drilling of the well, and that the latter refused to furnish defendant an account so as to enable defendant to settle with them; that, moreover, the said subcontract for the drilling of the well was entered into fraudulently, "for the purpose of defrauding defendant of its property and rights under the sublease contract," the said Belchic being the agent and representative of defendant in the oil field, and the consideration of said subcontract being the transfer by plaintiff to Belchic of an interest in the lease; and that in pursuance of said conspiracy to defraud defendant "the finance, property and credit of defendant" were used for meeting the expense of drilling said well; and that, still "in pursuance of said conspiracy, the operation and drilling of said well and the transaction between plaintiff and said Belchic were kept secret from defendant."

In the brief, the line of defense is that the sublease itself was entered into in pursuance of a conspiracy between plaintiff and Belchic, the scheme of which was that, after the well should have been drilled at defendant's expense, defendant should be maneuvered out of the sublease by keeping all knowledge of the forfeiture clause from him, or by deluding him into the belief that said clause would not be insisted upon, and then suddenly enforcing it.

[1] The history of the matter is very long and very tedious. We do not see that the recital of it would serve any useful purpose. For the defendant company did know that this last payment was due, and that it was being pressed, and that forfeiture was being threatened, and yet took no steps to actually make the payment, not realizing, as appears to us, the danger of the clause being enforced, and not having the ready money wherewith to make the payment. The testimony of the president of the defendant company to the contrary is in opposition to that of Belchic, Laskey, and plaintiff, and is entirely inconsistent with the following telegram sent by him to Belchic:

"Wire received. Impossible to make payment, and you must at all event prevent forfeiture. I leave on Tuesday, and will be in Shreveport on the 19th inst. You and I must handle this situation. Wire immediately who is pressing payment and insisting upon forfeiture."

This was in answer to a telegram to him from Belchic to the effect that the well was flowing 350 barrels a day, and that the balance under the contract was due and payment of it was being pressed and forfeiture threatened. The evidence shows, moreover, that the defendant company had all along been short of funds with which to meet its obligations under the sublease contract, and that, far from trespassing upon the resources of defendant, the agent, Belchic, assisted the company with his own funds and credit.

[2] The trial court, for some reason unexplained, gave plaintiff judgment only for the balance due, thereby declining to pronounce the forefeiture, but, as contracts are written, so must they be enforced; they are, as written, the law of the case.

The judgment appealed from is therefore set aside, and it is now ordered, adjudged, and decreed that the plaintiff, W. L. Dickinson, have judgment against the defendant,

Texana Oil and Refining Company forfeiting and declaring forfeited the sublease entered into between plaintiff and said company on May 6, 1918, of N. W. ¼ of S. W. ¼ of section 25, township 21 north, range 15 west, Caddo parish, La., and that the defendant pay the costs of this suit.